PATRICK J. DALTON
Senior Assistant City Attorney
OFFICE OF THE CITY ATTORNEY
808 W. Spokane Falls Blvd.
SPOKANE, WA 99201-3326
Telephone: (509)625-6225
Fax:(509)625-6277

Attorneys for Defendants

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 15 2012

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRADLEY N. THOMA, a single person, | NO. CV-12-156-EFS |
| Plaintiff, | |
| vs. | NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1367, & 1441(b)-(c) |
| CITY OF SPOKANE, a municipal corporation in and for the State of Washington; and ANNE E. KIRKPATRICK, a single person, | |
| Defendants. | |

TO:          Clerk of the Superior Court of the State of Washington for Spokane County;

AND TO:    Bradley N. Thoma, Plaintiff;

AND TO:    Robert A. Dunn and Michael R. Tucker, Plaintiff's Attorneys.

ORIGINAL

OFFICE OF THE CITY ATTORNEY
5th Floor Municipal Building
Spokane, WA 99201-3326
(509) 625-6225
FAX (509) 625-6277

## NOTICE OF REMOVAL

Defendants City of Spokane and Anne E. Kirkpatrick remove the claims asserted against them pursuant to 28 U.S.C. § 1441.   In support of removal, Defendants submit the following:

1.    On February 28, 2012, Plaintiff's counsel provided the City of Spokane a copy of the Complaint for Damages ("Complaint") in the above-captioned matter. Plaintiff filed the Complaint in the Spokane County Superior Court on February 28, 2012.

2.    Plaintiff's Complaint alleges claims under 42 U.S.C. §1983 (Due Process) and §12101 (Disability) as well as state law claims.  All of Plaintiff's claims arise from the imposition of discipline upon the Plaintiff during his employment by the City, and various other actions which Plaintiff alleges violate his federally-protected rights under color of state law.

3.    Pursuant to 28 U.S.C. § 1441(b), removal is appropriate because this court would have had original jurisdiction over Plaintiff's §§ 1983 and §12101 claims, which are "founded on a claim or right arising under Constitution, treaties or laws of the United States."   *See also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").   Additionally, when a claim arising under the laws of the United States "is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein."  28 U.S.C. § 1441(c).  Consequently, removal of the entire action,

NOTICE OF REMOVAL PURSUANT TO 28
U.S.C. §§ 1331, 1367, & 1441(b)-(c) - 2

including Plaintiffs' state law claims, is appropriate.  *See also* 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

4.    This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is "filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claims for relief upon which such action or proceeding is based."

DATED this 15th day of March, 2012.

Patrick J. Dalton, WSBA #10782
Senior Assistant City Attorney
Attorney for Defendants
Office of the City Attorney
808 W. Spokane Falls Blvd.
Spokane, WA  99201-3326
Telephone:  (509) 625-6225
Fax:  (509) 625-6277
Email: pdalton@spokanecity org

NOTICE OF REMOVAL PURSUANT TO 28
U.S.C. §§ 1331, 1367, & 1441(b)-(c) - 3

# DECLARATION OF SERVICE

I declare, under penalty of perjury, that on the 15th day of March, 2012, I caused a true and correct copy of the foregoing Notice to Plaintiff of Removal to be delivered to the parties below in the manner noted:

| | |
|---|---|
| Robert A. Dunn | [ ] VIA FACSIMILE |
| Michael R. Tucker | [ ] VIA U.S. MAIL |
| Dunn & Black | [ ] VIA OVERNIGHT SERVICE |
| 111 North Post, Suite 300 | [X] VIA HAND DELIVERY |
| Spokane, WA  99201 | |
| Phone: (509) 455-8711 | |
| Fax: (509) 455-8734 | |

*Stacie Floyd*

Stacie Floyd
City Attorney's Office
808 W. Spokane Falls Blvd.
Spokane, WA  99201-3326

NOTICE OF REMOVAL PURSUANT TO 28
U.S.C. §§ 1331, 1367, & 1441(b)-(c) - 4

RECEIVED

FEB 28 2012

CITY CLERK'S OFFICE
SPOKANE, WA

*praess send*
*Jen Sawford*
*4:00 pm*

*CAF*

COPY
ORIGINAL FILED

FEB 28 2012

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE

| | |
|---|---|
| BRADLEY N. THOMA, a single person,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF SPOKANE, a municipal corporation in and for the State of Washington; and ANNE E. KIRKPATRICK, a single person,<br><br>        Defendants. | NO. **12200810-2**<br><br>**COMPLAINT FOR DAMAGES** |

Plaintiff Bradley N. Thoma complains and alleges as follows:

1.     At all times material hereto, Plaintiff Bradley N. Thoma was a resident of Spokane County, Washington and an officer with the City of Spokane Police Department.

2.     Defendant City of Spokane is a municipal corporation, located in Spokane County, State of Washington.

3.     Pursuant to RCW 4.96.020, a Claim for Damages was filed with the City of Spokane over sixty (60) days prior to commencement of this action.  (See attached **Appendix A**).

COMPLAINT FOR DAMAGES - 1

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

5

4.  At all times material hereto, Defendant Anne E. Kirkpatrick was an employee and Chief of Police for Defendant City of Spokane, acting within the course and scope of her employment with the Defendant City, along with other employees of the Defendant City of Spokane.

5.  Jurisdiction and venue are proper in this Court.

6.  In October 1989, Defendant City of Spokane Police Department hired Plaintiff Thoma at an entry rank of Patrolman.

7.  In approximately 1992, the City of Spokane promoted Plaintiff Thoma to the rank of Private First Class, which is now referred to as the rank of Senior Patrolman.

8.  In approximately 1996, the City of Spokane promoted Plaintiff Thoma to the rank of Detective.

9.  In July 1998, the City of Spokane promoted Plaintiff Thoma to the rank of Sergeant.

10.  Prior to his employment as a Spokane Police Officer, Plaintiff Thoma had a history of drinking alcohol socially and recreationally.

11.  At some time prior to September 23, 2009, Plaintiff Thoma began suffering from the disease of alcoholism.

12.  On the evening of September 23, 2009, while off duty and driving his private vehicle, Plaintiff Thoma collided with another vehicle. As a result, he was subsequently charged with driving under the influence and failure to remain at the scene of an accident.

COMPLAINT FOR DAMAGES - 2

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

13.     On September 24, 2009, the City placed Plaintiff Thoma on paid leave from his position on the Spokane Police Department.

14.     Subsequent to the accident, Plaintiff Thoma was formally diagnosed with the disease of alcoholism, which was disclosed in writing to the Defendants.

15.     On November 13, 2009, the Spokane County District Court ordered deferred prosecution of the charges against Plaintiff Thoma, which required him to enter treatment for his diagnosed alcoholism disability, among other things.  In accordance with then-existing Washington law, Plaintiff Thoma's driver's license was suspended and replaced with an Ignition Interlock Device License ("IIDL") for a mandatory period of two years, which required installation of an ignition interlock on his vehicle.

16.     At the time Plaintiff Thoma entered the deferred prosecution program, the State of Washington Department of Licensing permitted employers to waive the mandatory ignition interlock device as it pertains to vehicles operated for employment purposes during "working hours" by executing an Employer Declaration for Ignition Interlock Waiver. (**Appendix B** hereto).

17.     At all times material hereto, the Defendants had actual knowledge of Plaintiff Thoma's alcoholism disability, his deferred prosecution order, his corresponding alcoholism disability treatment, and the State of Washington Department of Licensing's Employer Declaration for Ignition Interlock Waiver option.

COMPLAINT FOR DAMAGES - 3

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

7

18.    Upon commencement of his alcoholism disability treatment and application of the associated terms and conditions, including the IIDL, Plaintiff Thoma had been a City of Spokane Police Officer for approximately 20 years.

19.    Defendants conducted an internal affairs interview of Plaintiff Thoma, as well as a Loudermill hearing, at which time Plaintiff Thoma requested that the City accommodate his disability and allow him to continue his career.  Specifically, Plaintiff Thoma, individually and through the Spokane Police Guild, proposed various reasonable accommodations, including requesting that the City (1) execute the Employer Declaration for Ignition Interlock Waiver on the limited basis as it pertained to his patrol car; (2) permit installation of an ignition interlock device on his patrol car at his own expense; and/or (3) reassign him to another position for which he was qualified.

20.    At all times material hereto, Plaintiff Thoma acknowledged and took responsibility for the unfortunate September 2009 off-duty incident involving his private vehicle. However, Plaintiff Thoma, despite his disability, remained capable of performing all essential functions of his job with the Spokane Police Department, including operating a patrol car with reasonable accommodation.

21.    The accommodations proposed by Plaintiff Thoma were reasonable and consistent with previous actions of the City of Spokane and police departments around the State of Washington.   Indeed, the Washington State Human Rights Commission's investigation subsequently concluded that *"DOL [Washington State Department of*

COMPLAINT FOR DAMAGES - 4

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

Licensing] records have confirmed that there are several, at a minimum, law enforcement officers that have had state and local government entities sign waivers for the IID requirement, thereby enabling the officers to drive police/patrol vehicles without IID." Further, other Spokane Police Department officers charged with DUI, both before and after Plaintiff Thoma's incident, were allowed to retain their jobs with the Spokane Police Department.

22.    Despite Thoma's reasonable accommodation requests, and acting with actual knowledge of Thoma's diagnosed disability, on December 9, 2009, following Plaintiff Thoma's <u>Loudermill</u> hearing, Defendant Kirkpatrick sent a letter to Plaintiff Thoma advising him of the City's "intent to terminate" his employment with the Spokane Police Department. Inexplicably, without performing any analysis of the reasonableness of Plaintiff Thoma's various accommodation requests, the City conclusively and self-servingly claimed that "no reasonable accommodation" existed. However, the City's "conclusion" was a mere pretext for its illegal disability discrimination and/or retaliation against Plaintiff Thoma for his disability and/or to further Defendant Kirkpatrick's improper, retaliatory agenda previously initiated against Plaintiff Thoma.

23.    The City's self-serving conclusion that some "risk" was associated with executing the IID waiver for Plaintiff Thoma ignored its duty to reasonably accommodate a disability recognized at both state and federal levels and, in doing so, subjected Plaintiff Thoma to disparate and retaliatory treatment.

COMPLAINT FOR DAMAGES - 5

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

24.     As a direct and proximate result of the City's notice of intent to terminate his employment, on December 11, 2009, Plaintiff Thoma filed a complaint for discrimination against the City of Spokane with the Washington State Human Rights Commission.

25.     In conjunction with the filing of his Human Rights Commission complaint, Plaintiff Thoma sought further diagnosis regarding his disability. The diagnosing physician concluded in writing that (1) *"alcoholism...is recognized as a disability;"* and (2) *"I have reviewed the job description and feel he [Thoma] can perform all the essential functions of his position."* The City was provided a written copy of Plaintiff Thoma's disability diagnosis, which the City intentionally ignored.

26.     Shortly after its wrongful and unsubstantiated December 9, 2009 notice of intent to terminate, the City exacerbated its misconduct by attempting to coerce Plaintiff Thoma into waiving his legal and equitable remedies related to the City's actionable misconduct. On Thursday, December 17, 2009, the City submitted a proposed "release" to Plaintiff Thoma, which provided:

- *Thoma will be removed from his commissioned position as Police Sergeant and placed in layoff status immediately upon signing this Agreement.*

- *Thoma will be eligible to return to a commissioned position in the rank of Detective upon completion of his deferred prosecution requirements, including return of his driver's license unencumbered by an ignition interlock requirement.*

COMPLAINT FOR DAMAGES - 6

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

- *The City, through Civil Service, will begin working with Thoma immediately to determine whether there are any non-commissioned positions within the City that Thoma would be eligible to fill.*

- *Neither Thoma nor the Guild will file grievances <u>or any other legal challenges</u> related to I.A. investigation # 09-059. The parties expressly acknowledge that this Agreement constitutes a full and complete resolution of all issues related to this investigation.*

27.    The following day, on Friday, December 18, 2009, Plaintiff Thoma, through the Spokane Police Guild, requested the opportunity to at least meet with a non-Guild, civil rights attorney to review the SPD's proposed "release," which provided that he waived all civil remedies. The Guild attorney identified that the unreasonable "*short time-frame*" allowed for responding was the basis for her request. In response, Defendant Kirkpatrick immediately placed Plaintiff Thoma on "*layoff status*" and threatened that he would be terminated "*effective 3pm Monday [December 21, 2009]*". In addition to the City's unlawful discrimination, its coercive attempt to discriminate against Plaintiff Thoma and force him into signing an illegal release violated his right to due process.

28.    Subsequently, the Defendant City and Defendant Kirkpatrick attempted to re-characterize their coercive tactics, and described the release as an offer to place Plaintiff Thoma on "laid off" status for two years until his driver's license was reinstated without an IID requirement. However, Defendant City and Defendant Kirkpatrick's re-

COMPLAINT FOR DAMAGES - 7

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

11

characterization completely ignored that they were demanding that Plaintiff Thoma waive all civil claims without giving him the opportunity to consult with counsel regarding his statutorily-protected rights.

29.    On December 21, 2009, four days before Christmas, Defendant City of Spokane terminated Plaintiff Thoma's employment with the Spokane Police Department.

30.    On December 23, 2009, Plaintiff Thoma filed his Claim for Damages with the City of Spokane. (**Appendix A**).

31.    On or around January 1, 2011, due to a change in Washington law, Plaintiff Thoma secured a non-IID driver's license, which was approximately one (1) year prior to the expiration of the previously required 2-year period.

32.    On January 5, 2011, Defendants offered to reinstate Plaintiff Thoma to the demoted rank of Detective. Plaintiff Thoma agreed. Thereafter, Defendants breached that agreement, while offering instead to reinstate Plaintiff at a demoted rank only if he agreed to waive his legal and equitable remedies associated with the Defendants' illegal misconduct.

33.    Further, on January 7, 2011, Defendant Kirkpatrick prepared and sent an email to "All Police" acknowledging that Plaintiff Thoma had obtained a valid driver's license and was now "*able to perform the essential functions of a police officer.*" Kirkpatrick's email also stated that she had previously offered officer Thoma a "laid off" status and that she now "*would restore him as a police officer with a demotion to detective.*"

COMPLAINT FOR DAMAGES - 8

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

*I have signed a letter to that offer, but it has not been signed off on the other side yet because it is my understanding that the Guild wants to grieve the demotion.*" However, the 'letter' Kirkpatrick actually was referring to was in fact a new "Agreement" that she apparently unilaterally prepared containing different terms and conditions than those that had been orally reached and agreed to between the Spokane Police Guild and Defendant City of Spokane's legal department.

34.    The Defendant City and Defendant Kirkpatrick's breach of the previous agreement that was reached concerning Plaintiff Thoma's employment not only constituted a breach of contract but also an unlawful attempt to expand ultra vires, the duties and authority imbued to her office and to her position, all in violation of Washington law.

35.    After significant negotiation between the parties, in December 2011, the parties reached yet another agreement on the terms of a "global resolution" to Plaintiff Thoma's claims, including his (1) Guild claims, (2) civil claims, and (3) Human Rights Commission complaint. The Agreement was memorialized in writing and subscribed to by the attorneys, as required by Civil Rule 2A.

36.    In justifiable reliance on the Agreement, Plaintiff Thoma decided to forego pursuit of other employment opportunities.

37.    On February 13, 2012, the City, by and through Mayor Condon, among others, executed a Settlement Agreement with Brad Thoma and the Washington State

COMPLAINT FOR DAMAGES - 9

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

Human Rights Commission, which was agreed and intended to be approved by all parties prior to March 1, 2012. (**Appendix C** hereto).

38. Between February 13, 2012 and February 23, 2012, Defendant City and Mayor Condon admitted that it was in the City's best interest to enter into the Settlement Agreement with Plaintiff Thoma and even "defended" the City's decision to do so. Indeed, Mayor Condon, as reported by local media outlets *"concedes that Kirkpatrick's actions left Spokane liable for damages."* Mayor Condon stated, *"It's difficult to say that but yes, you do need to do things by the book, and we're [City of Spokane] learning our lessons when we don't do things by the book. It's very hard to defend it."*

39. However, despite the Defendant City and Mayor Condon's admissions, on February 23, 2012, ten days after unequivocally executing a Settlement Agreement with Plaintiff Thoma, the Defendant City of Spokane and Mayor Condon anticipatorily repudiated the agreement. Instead, without basis in law or fact, the City and Mayor Condon unilaterally changed the material terms of the agreement and made as an additional, undocumented condition precedent, a "finding" by the Washington State Human Rights Commission. However, the express terms of the executed Agreement provided that it was premised on <u>no finding</u> by the Human Rights Commission. Indeed, the City's legal department titled the Agreement "PRE-FINDING SETTLEMENT AGREEMENT."

COMPLAINT FOR DAMAGES - 10

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

14

40.    On February 27, 2012, Plaintiff Thoma voluntarily withdrew his Human Rights Commission Complaint.  Thereafter, Plaintiff Thoma requested the City reaffirm its agreement to resolve his claims.  The City refused to do so.

## FIRST CAUSE OF ACTION
### (Discrimination – RCW 49.60 et seq.; 42 U.S.C. § 12101 et seq.)

41.    Plaintiff Thoma re-alleges Paragraphs 1 through 40 above and incorporates them by reference as though fully set forth herein.

42.    The acts alleged herein constitute disability discrimination in violation of RCW 49.60 et seq. and 42 U.S.C. § 12101 et seq.

43.    Due to his diagnosis and treatment for the disease and disability of alcoholism, Plaintiff Thoma is a member of a protected class.

44.    Plaintiff Thoma was subjected to an adverse employment action by Defendants.

45.    Defendants' misconduct and admissions establish it treated Plaintiff Thoma differently and disparately than someone not afflicted with the disability of alcoholism, and even other Spokane Police Department officers charged with driving under the influence.

46.    Plaintiff Thoma was subjected to adverse employment actions in violation of RCW 49.60 et seq. and 42 U.S.C. § 12101 et seq.

47.    As a direct and proximate result of Defendants' conduct, Plaintiff Thoma has been damaged in an amount to be proven at trial.

COMPLAINT FOR DAMAGES - 11

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

15

## SECOND CAUSE OF ACTION
### (Breach of Contract)

48.     Plaintiff Thoma re-alleges Paragraphs 1 through 47 above and incorporates them by reference as though fully set forth herein.

49.     As alleged herein, the parties entered into multiple enforceable contracts.

50.     Plaintiff Thoma performed all of his obligations under the contracts.

51.     Defendants breached their express and implied obligations, including the implied covenant of good faith and fair dealing.

52.     Defendants' breaches have proximately caused Plaintiff Thoma damages in an amount to be proven at trial, plus incidental and consequential damages as provided by law.

## THIRD CAUSE OF ACTION
### (Fourteenth Amendment Violations—42 U.S.C. § 1983)

53.     Plaintiff Thoma re-alleges Paragraphs 1 through 52 above and incorporates them by reference as though fully set forth herein.

54.     Defendants, while acting under the color of state law, maliciously, recklessly and/or willfully or wantonly violated Plaintiff Thoma's procedural and substantive due process guarantees and deprived Thoma of his liberty and property interests by arbitrarily and capriciously refusing to accommodate his disability and by attempting to coerce Plaintiff Thoma into waiving his state and federal rights.

55.     As a direct and proximate result of the Defendants' unlawful conduct, Plaintiff Thoma suffered damages.  Plaintiff's claim for damages resulting from such

COMPLAINT FOR DAMAGES - 12

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

16

violation of his due process rights is made pursuant to 42 U.S.C. § 1983. The Defendants

are liable, jointly and severally, for Plaintiff Thoma's damages, including punitive damages

in amounts to be determined at trial.

### FOURTH CAUSE OF ACTION
#### (Vicarious Liability)

56.     Plaintiff Thoma re-alleges Paragraphs 1 through 55 above and incorporates

them by reference as though fully set forth herein.

57.     As the principal for and the employer of the named individual Defendant

Kirkpatrick, Defendant City of Spokane, pursuant to the doctrine of respondeat superior, is

vicariously liable for the wrongful acts and omissions of Defendant Kirkpatrick, who was

the actual agent, representative, and employee of the Defendant City and who at all times

was acting within the scope of her employment or within the scope of the apparent authority

given by the Defendant City. Such acts were authorized or ratified by Defendant City.

Such acts were the proximate cause of Plaintiff Thoma's injuries and damages for which he

is seeking recovery in an amount to be proven at the time of trial.

### FIFTH CAUSE OF ACTION
#### (Infliction of Emotional Distress)

58.     Plaintiff Thoma re-alleges Paragraphs 1 through 57 above and incorporates

them by reference as though fully set forth herein.

59.     The Defendants' unlawful conduct toward Plaintiff Thoma was careless,

reckless, unreasonable, negligent and/or intentional and was the proximate cause of the

COMPLAINT FOR DAMAGES - 13

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

infliction of severe mental anguish and emotional distress suffered by Plaintiff Thoma, for which he is entitled to recover damages in an amount to be established at trial.

### SIXTH CAUSE OF ACTION
**(Negligence/Gross Negligence)**

60.     Plaintiff Thoma re-alleges Paragraphs 1 through 59 above and incorporates them by reference as though fully set forth herein.

61.     The direct and proximate cause of the aforementioned misconduct was the negligence and/or gross negligence of the Defendants in failing to conduct any investigation regarding Plaintiff Thoma's requested accommodations.

62.     Defendant City of Spokane, by its negligence and/or the gross negligence of its employees and agents, gave express and/or implied consent permitting wrongful acts to be perpetrated against Plaintiff Thoma. As a direct result, the Defendants are liable for any damages caused by Defendants' negligence and/or gross negligence.

63.     Defendants, jointly and severally by their conduct, breached their duty to Plaintiff in failing to exercise the standard of care which Defendants owed to him and, in doing so, negligently caused Plaintiff to suffer injury.

64.     As a further direct and proximate result of Defendants' joint and several negligence and/or gross negligence, and unlawful acts in violation of the laws of the State of Washington, Plaintiff Thoma has suffered physical, mental, and emotional injuries in amounts to be proven at the time of trial.

COMPLAINT FOR DAMAGES - 14

**DUNN&BLACK**
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

18

## SEVENTH CAUSE OF ACTION
### (Outrage)

65.    Plaintiff Thoma re-alleges Paragraphs 1 through 64 above and incorporates them by reference as though fully set forth herein.

66.    Defendants' conduct against the Plaintiff was so outrageous in character as to be absolutely intolerable in a civilized society and went beyond all possible bounds of decency.  Defendants owed a duty of care to Plaintiff which they breached, such breach constituting the tort of outrage and which directly and proximately caused the Plaintiff severe mental anguish, humiliation, embarrassment, and emotional distress, for which they are entitled to recover damages.

67.    As a direct and proximate result of the Defendants' negligence, Plaintiff Thoma suffered substantial physical, mental, and emotional injuries.  As a result thereof, Plaintiff Thoma has suffered and will continue to suffer pain and suffering, both mental and physical; emotional distress; and impairment to the ability to enjoy life, all to his general damages in an amount to be proven at the time of trial.

## EIGHTH CAUSE OF ACTION
### (Wrongful Withholding of Wages)

68.    Plaintiff Thoma re-alleges Paragraphs 1 through 67 above and incorporates them by reference as though fully set forth herein.

COMPLAINT FOR DAMAGES - 15

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

69.     Defendant City of Spokane refused and/or failed to pay Plaintiff compensation owed from the date of his wrongful discharge to present without lawful purpose.

70.     The Defendant City's conduct is a violation of RCW 49.48.010, as well as RCW 49.52.050 and 49.52.070.

71.     As a direct and proximate result of Defendant City of Spokane's violation of RCW 49.48.010, RCW 49.52.050, and RCW 49.52.070, Plaintiff Thoma has suffered economic injury and loss, and seeks damages herein, including double the amount of compensation wrongfully withheld from him and payment of his reasonable attorney fees and costs incurred herein pursuant to RCW 49.48.030 for having to bring this action.

## NINTH CAUSE OF ACTION
### (Retaliation)

72.     Plaintiff Thoma re-alleges Paragraphs 1 through 71 above and incorporates them by reference as though fully set forth herein.

73.     Plaintiff Thoma engaged in statutorily protected activity by refusing to be coerced into waiving his legal and equitable rights against Defendants.

74.     Defendants retaliated against Plaintiff Thoma for refusing to be coerced into waiving his legal and equitable rights against Defendants.

75.     The acts above constitute retaliation and/or harassment in violation RCW 49.60 and Defendant City of Spokane policy.

COMPLAINT FOR DAMAGES - 16

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

76.     As a direct and proximate result of Defendant City of Spokane's retaliatory conduct, Plaintiff Thoma has suffered economic injury and loss, and seeks damages herein, to be proven at trial.

### TENTH CAUSE OF ACTION
### (Promissory Estoppel/Implied Contract)

77.     Plaintiff Thoma re-alleges Paragraphs 1 through 76 above and incorporates them by reference as though fully set forth herein.

78.     Defendant City of Spokane made a promise and/or representation to Plaintiff Thoma, which it knew or should have known or expected that Plaintiff Thoma would reasonably rely upon to change his position regarding the City's reinstatement of Plaintiff's employment.

79.     Based on Defendants' promises and/or representations regarding his reinstatement, Plaintiff Thoma did justifiably rely upon such promises to change his position.

80.     Injustice can only be avoided by enforcing Defendants' promises and/or representations.

81.     As a direct and proximate result of Defendants' failure to adhere to its promises and/or representations regarding its reinstatement of Plaintiff Thoma, Plaintiff Thoma has suffered damages in an amount to be proven at the time of trial.

COMPLAINT FOR DAMAGES - 17

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

21

## ELEVENTH CAUSE OF ACTION
### (Equitable Estoppel)

82.     Plaintiff Thoma re-alleges Paragraphs 1 through 81 above and incorporates them by reference as though fully set forth herein.

83.     Defendants made verbal and written representations that they intended to reinstate Plaintiff Thoma to the rank of Detective, which caused Plaintiff Thoma to rely upon such conduct and actions.

84.     Plaintiff Thoma reasonably relied upon Defendants' conduct and actions.

85.     Plaintiff Thoma will be injured if Defendants are allowed to contradict, disavow, or repudiate their actions and conduct in an amount to be proven at the time of trial.

## III.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bradley N. Thoma prays as follows:

1.     For judgment against the Defendants, jointly and severally, for special and general damages in amounts to be proven at the time of trial;

2.     For damages pursuant to 42 U.S.C. § 1983; § 1985 including an award of punitive damages;

3.     For damages pursuant to RCW 49.48.030;

4.     For damages pursuant to RCW 49.60.030;

5.     For attorney fees and costs;

COMPLAINT FOR DAMAGES - 18

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

22

6.    For prejudgment interest as provided by law;

7.    For compensatory damages to include, but not restricted to, damages for emotional distress and mental anguish in amounts to be proven at trial; and

8.    For such additional relief as the Court may deem just and proper.

DATED this 28ᵗʰ day of February, 2012.

DUNN & BLACK, P.S.

ROBERT A. DUNN, WSBA #12089
MICHAEL R. TUCKER, WSBA #38005
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES - 19

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

23

**RECEIVED**

DEC 23 2009

CITY CLERK'S OFFICE
SPOKANE, WA.

## CLAIM FOR DAMAGES
### CITY OF SPOKANE, WASHINGTON

<u>PLEASE PRINT
IN BLACK INK</u>

1. Claimant's Name: <u>Brad Thoma</u>

Residence: <u>18211 N. Mushroom Ln.</u>
<u>Mead, WA 99021</u>
(List full address: Street, City, State, Zip Code)

Phone #: Home _____ Work _____ Birthdate: <u>12/21/1964</u>

2. Residence of claimant for six months prior to the time the claim of damages accrued (if different): _____

3. Name, address and telephone of owner of any damaged property if not given above: <u>N/A</u>
_____ TOTAL CLAIM: $ <u>4,000,000.00</u>

4. CLAIM INCIDENT DATE: <u>12/21/09</u>   TIME: <u>3:00 p.m.</u>   PLACE: <u>Spokane Police Department</u>

DESCRIPTION OF INCIDENT: (Give full account; describe how the City was at fault. List defects causing loss and City acts or omissions) <u>See attached</u>

_____
_____
_____
_____

☒ Attachments (Attach additional sheets if necessary.)

5. Give an itemization of your claim, listing specific losses actually sustained or expected: <u>Lost wages, (back and front pay),</u>
<u>damages for emotional distress, attorney fees and costs.</u>

☐ Attachments (Attach bills, statements, estimates or other proof of your specific items of loss.)

6. Were any other persons involved in the incident? Give details with name, address and telephone: _____
<u>Chief Anne Kirkpatrick, Spokane Police Department, 1100 W. Mallon, Spokane, WA 99260</u>

7. Name, address and telephone of witnesses or persons with further information: _____
<u>Dunn & Black, P.S., 111 North Post, Suite 300, Spokane, WA 99201</u>

8. Is claimant willing to settle or compromise? If so, state amount acceptable as full settlement: $ <u>4,000,000.00</u>

<u>NOTE</u>: Please see Spokane Municipal Code 4.02.030 for further information on claim requirements.

<u>MEDICAL INFORMATION DISCLAIMER</u>: Per chapter 42.56 RCW (Public Records Act), a filed Claim for Damages and its attachments are subject to public disclosure. If you have any attachments to this claim containing medical information, please enclose those attachments in a sealed envelope marked with your name and the phrase "Medical Contents."

STATE OF WASHINGTON        )
County of Spokane          )

I, <u>Brad Thoma</u> _____ (print name), being first duly sworn, on oath, depose and say: That I have read the foregoing claim, know the matter therein contained, and the same is true to the best of my knowledge.

SUBSCRIBED AND SWORN to before me this <u>23rd</u> day of <u>December</u>, 20<u>09</u>.

_____ Claimant

<u>FILE COMPLETED FORM WITH:</u>
Spokane City Clerk's Office
Fifth Floor, Municipal Bldg.
808 W. Spokane Falls Blvd.
Spokane WA 99201-3342
509-625-6350

Notary Public
State of Washington
CHRISTINE R GARRETT
MY COMMISSION EXPIRES
June 11, 2013

Notary Public in and for the State of Washington,
Residing at <u>Spokane</u>
My commission expires <u>6/11/13</u>

Rev. 02.12.2008

# APPENDIX A

 **WASHINGTON STATE DEPARTMENT OF LICENSING**

**Employer Declaration for
Ignition Interlock Waiver**

If you are applying for, or have, an Ignition Interlock Driver License, you must:
- carry this completed form when you drive an employer owned vehicle that does not have an ignition interlock device.
- send a copy of this form to:

  Driver Records
  Department of Licensing
  PO Box 9030
  Olympia, WA 98507

You may only drive this vehicle(s) during working hours.

### Employee

| PRINT OR TYPE--Name of applicant (Last, First, Middle Initial) | | |
|---|---|---|
| Washington driver license number | Date of birth | (Area code) Daytime telephone number |

### Employer

| Name of employer/representative name | Company (area code) telephone number |
|---|---|
| Company name | UBI number |
| Company street address | |
| City | State | ZIP Code |

This employee is required to operate a vehicle during working hours that is owned by this company.

*I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.*

Date and place

X
Employer signature

DR-500-025 (R/12/05)W

The Department of Licensing has a policy of providing equal access to its services.
If you need special accommodation, please call (360) 902-3900 or TTY (360) 664-0116.

# APPENDIX B

# SETTLEMENT AGREEMENT

### between

### The Washington State Human Rights Commission

### and

### Brad Thoma, Complainant

### and

### City of Spokane, Respondent

HRC # 32EDZ-0256-09-0                          **Filed: 12/11/2009**

EEOC # 38G-2010-00151                          **Filed: 12/11/2009**

---

The above-referenced complaint has been filed pursuant to Chapter 49.60 RCW, the Washington State Law Against Discrimination. The parties indicated above have entered into this agreement voluntarily and in full settlement of this complaint. This agreement is contingent on approval by the Spokane City Council and will become effective upon approval by the Washington State Human Rights Commission.

## I.     OBLIGATIONS OF THE PARTIES

A. In consideration of the Respondent's compliance in full with the terms of this agreement, Complainant hereby waives and releases all claims against the Respondent, and/or any of its agents or employees, with respect to any matters which were or might have been alleged in the above-referenced complaint. Complainant agrees that this settlement constitutes a request for closure of this complaint against Respondent.

B. In consideration of the Respondent's compliance in full with the terms of this agreement, the Human Rights Commission agrees to close this complaint. The parties agree that in the event of non-compliance, the Commission may proceed to investigate and prosecute this complaint as if this agreement did not exist. The parties agree that this release and closure of this complaint does not apply to any other complaints or matters of compliance that may be pending before the Commission.

# APPENDIX C

C.  In exchange for the performance of obligations by the Complainant and the Commission, the Respondent will:

  a.  Pay to the Complainant the sum of **$275,483.03** as an award in full settlement of any and all claims arising out of the events complained of relating to the claim in question.  Payment in full shall be tendered no later than twenty (20) business days after the date of the Commission's Final Order setting forth the terms of this agreement.  Payment shall be made by certified check, cashier's check, money order or check made payable to Brad Thoma and forwarded to:  Compliance Unit, R. Dean Hirst, Washington State Human Rights Commission; 711 S. Capitol Way – Suite 402, PO Box 42490, Olympia, WA  98504-2490; and

  b.  Pay to the Complainant's legal counsel the sum of **$15,000.00** in consideration of the legal fees expended in representing the Complainant with regard to this claim.  Payment in full shall be tendered no later than twenty (20) business days after the date of the Commission's Final Order setting forth the terms of this agreement.  Payment shall be made by check made payable to Dunn & Black  and forwarded to: Compliance Unit, R. Dean Hirst, Washington State Human Rights Commission; 711 S. Capitol Way – Suite 402, PO Box 42490, Olympia, WA  98504-2490; and

  c.  Reinstate Complainant to the classification of Sergeant and simultaneously demote Complainant to the classification of Detective, effective March 1, 2012.  Upon his reinstatement, Complainant's seniority, leave banks, and benefits will be restored to the level they would have been had he never separated employment; and

  d.  Provide training to all Respondent management staff on the Washington Law Against Discrimination, RCW 49.60, with an emphasis on disability discrimination.  Respondent will take full responsibility for locating, securing, and obtaining said training.  Said training shall be attended, no later than 120 days after the Commission's order setting forth the terms of this agreement.  Respondent agrees to provide written verification of such training within 30 days after the completion of said training and send it to:  Compliance Unit at the address above.  Erin Jacobson, Assistant City Attorney, will be responsible for ensuring that these actions are completed in a timely manner.  Erin Jacobson can be reached at ejacobson@spokanecity.org or (509) 625-6889 and will be the contact person in the event there are questions from the Compliance Unit.

D.  Further, Respondent agrees not to retaliate against or interfere with the Complainant, or any other person who participated in this proceeding, as a result of their exercise of any rights or privileges provided for in Chapter 49.60 RCW.

E.  The Respondent's signature on this document does not constitute an admission of any violation of Chapter 49.60 RCW.  Furthermore, this agreement does not constitute a determination by the Commission that any violation of Chapter 49.60 RCW has or has not occurred.

## II.  ENFORCEMENT AND BREACH

A.  It is understood and agreed that the Commission may seek enforcement of this agreement pursuant to RCW 49.60.260.  It is further understood and agreed that the Commission shall determine whether the Complainant and Respondent have fully complied with the terms of this agreement.

B. In the event of a breach of this agreement, the Commission shall, upon receiving notice of such breach, send a written notice to the breaching party specifying the nature of the breach. The breaching party shall have fifteen days from receipt of the notice to remedy the breach. If the breach is not remedied within that time, the Commission may take action including, among other remedies, continuing its investigation or bringing an action in court for specific performance of this agreement.

### III.    ENTIRE AGREEMENT

This agreement comprises the entire agreement of the parties with respect to the above-referenced complaints. No other agreement, statement, or promise made by any party with respect to this complaint, which is not included in this agreement, shall be binding or valid. The terms of this agreement may be modified or amended only by a written amendment signed by all of the parties and approved by the Washington State Human Rights Commission.

### IV.    SEVERABILITY

The provisions of this agreement are intended to be severable. If any term or provision of this agreement is illegal or invalid for any reason, the validity of the remainder of the agreement will not be affected.

### V.    LAWS GOVERNING

This agreement shall be governed by the laws of the State of Washington and any question arising from the agreement shall be construed or determined according to such law.

### VI.    PUBLIC RECORD

This agreement is a public record and is subject to public disclosure or release.

### VII.    PARTIES BOUND

This agreement shall apply to and be binding upon the heirs, successors, agents, employees, and assignees of the parties.

### VIII.    OPPORTUNITY TO OBTAIN LEGAL ADVICE BEFORE SIGNING

All parties acknowledge that they have been advised to seek the advice of legal counsel of their own choosing and have had adequate opportunity to obtain such advice prior to signing this agreement.

The undersigned hereby acknowledge that they have read, understand and agree to the terms of this agreement and that they have the authority to sign this agreement on behalf of the indicated parties.

For the City of Spokane, Respondent

_____    2/13/12
Brad Thoma, Complainant        Date

_____    2/13/12
David A. Condon, Mayor          Date

_____    _____
Civil Rights Investigator       Date

_____    2/13/12
                                Date
Assistant City Attorney
Approved as to Form

_____    _____
Assistant Director for Enforcement   Date

_____    _____
City Clerk                      Date
Attest