HONORABLE EDWARD F. SHEA

PATRICK J. DALTON
Senior Assistant City Attorney
OFFICE OF THE CITY ATTORNEY
808 W. Spokane Falls Blvd.
SPOKANE, WA  99201-3326
Telephone: (509)625-6225
Fax:(509)625-6277

Attorneys for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRADLEY N. THOMA, a single person,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SPOKANE, a municipal corporation in and for the State of Washington; and ANNE E. KIRKPATRICK, a single person,<br><br>Defendants. | NO. CV-12-156-EFS<br><br>DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES |

Come now the defendants, City of Spokane and Anne E. Kirkpatrick, by and through their undersigned attorney, and answer the plaintiff's Complaint for Damages as follows:

1.   Answering paragraph 1, these defendants admit, on information and belief.

2.   Answering paragraph 2, these defendants admit.

3.   Answering paragraph 3, these defendants admit.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES - 1

4. Answering paragraph 4, these defendants admit.

5. Answering paragraph 5, these defendants admit that jurisdiction and venue are proper in the Eastern District of Washington.

6. Answering paragraph 6, these defendants admit.

7. Answering paragraph 7, these defendants deny, and state that plaintiff was promoted to the rank of "Police Officer First Class" on January 2, 1994.

8. Answering paragraph 8, these defendants admit.

9. Answering paragraph 9, these defendants admit.

10. Answering paragraph 10, these defendants are without sufficient knowledge or information to form a belief as to the truth or veracity of said paragraph and therefore deny the same.

11. Answering paragraph 11, these defendants are without sufficient knowledge or information to form a belief as to the truth or veracity of said paragraph and therefore deny the same

12. Answering paragraph 12, these defendants admit that on September 23, 2009, plaintiff drove his personal vehicle while under the influence of alcohol (.17 BAC), collided with another attended vehicle and left the scene of that collision without making contact with the other driver.  Further, defendants admit that plaintiff was followed approximately two miles to a parking lot where he was confronted by the other driver.  Further admit that plaintiff was evaluated by law enforcement officers from the Spokane County Sheriff's Office and the State Patrol and arrested for driving under the influence.  Subsequently, the Spokane County Prosecutor's

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES - 2

**OFFICE OF THE CITY ATTORNEY**
**5th Floor Municipal Building**
**Spokane, WA  99201-3326**
**(509) 625-6225**
**FAX (509) 625-6277**

Office charged him with both Driving Under the Influence and Attended Hit and Run. (RCW 46.52.020)

13. Answering paragraph 13, these defendants admit.

14. Answering paragraph 14, these defendants admit that December 14, 2009, Defendant Kirkpatrick received a faxed handwritten note from a "Dr. Mark Hart, D.O." asserting that he had diagnosed Plaintiff with alcoholism. As to whether this document constitutes a "formal diagnosis of alcoholism" defendants are without sufficient knowledge or information to form a belief as to the truth or veracity of said paragraph and therefore deny the same.

15. Answering paragraph 15, these defendants admit that on November 13, 2009, the Spokane County District Court granted an Order deferring Prosecution of Plaintiff's Driving Under the Influence charge, but deny that this document refers to any "diagnosis" of alcoholism. As to the remaining allegations in this paragraph, these defendants admit.

16. Answering paragraph 16, these defendants admit.

17. Answering paragraph 17, these defendants deny they had "actual knowledge" of Plaintiff's alleged "alcohol disability" or any details of his "corresponding alcoholism disability treatment", but admit knowledge of the deferred prosecution order and the Ignition Interlocker waiver form.

18. Answering paragraph 18, these defendants are without sufficient knowledge or information to form a belief as to the truth or veracity of any "alcohol disability treatment" Plaintiff received, and therefore deny this claim. Defendants

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES - 3

OFFICE OF THE CITY ATTORNEY
5th Floor Municipal Building
Spokane, WA  99201-3326
(509) 625-6225
FAX (509) 625-6277

admit they were aware of the terms included in the deferred prosecution order, and admit that Plaintiff worked as a Spokane Police Officer for approximately 20 years.

19. Answering paragraph 19, these defendants admit that a *Loudermill* hearing was held on December 17, 2009, and admit that Plaintiff made various requests, but deny that the requested accommodations were reasonable.

20. Answering paragraph 20, these defendants are without sufficient knowledge or information to form a belief as to the truth or veracity of the allegation that Plaintiff "acknowledged and took responsibility for the unfortunate September 2009 off-duty incident", and therefore deny. As to the remaining allegations in the paragraph, these defendants deny.

21. Answering paragraph 21, these defendants deny that any accommodations proposed by Plaintiff were reasonable and deny that the HRC has ever reached any conclusions regarding their investigation because Plaintiff withdrew his complaint. Defendants admit that other Spokane Police officers charged with DUI without an additional charge of hit and run attended were disciplined but did retain their jobs.

22. Answering paragraph 22, these defendants deny all allegations contained in this paragraph. Plaintiff never made any reasonable requests for accommodation. In fact, Plaintiff rejected defendants' reasonable accommodations made during the course of the *Loudermill* hearing, to wit: offer to place him on lay off status (rather than termination) until his license to drive was unencumbered and he could fulfill the essential functions of the job of a police officer; guaranteeing him the

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES - 4

right to immediately return to a commissioned status following the successful completion of his deferred prosecution requirements; offering to find another job within the City for which he was qualified and for which he would have priority pending resolution of his driving restrictions.  Plaintiff rejected all these offers in a letter written by his present counsel on December 21, 2009.

23. Answering paragraph 23, these defendants deny.

24. Answering paragraph 24, these defendants are without sufficient knowledge or information to form a belief as to the truth or veracity of the state of mind of Plaintiff and thus deny any allegations as to what prompted his complaint, since withdrawn, to the Human Rights Commission on December 11, 2009.

25. Answering paragraph 25, these defendants are without sufficient knowledge or information to form a belief as to the truth or veracity of the allegations regarding Plaintiff's actions, and thus deny.  Defendants admit that on December 14, 2009, a faxed handwritten document was sent to Defendant Kirkpatrick from "Dr. Mark Hart, D.O." containing multiple legal conclusions and opinions as well as employment recommendations for which he is unqualified to render any opinion.  As to the contention that the City "intentionally ignored" Plaintiff's claimed disability of alcoholism, that is denied.

26. Answering paragraph 26, these defendants deny all allegations of wrongful or actionable misconduct by any defendant.

27. Answering paragraph 27, these defendants deny all allegations of wrongful, coercive or discriminatory conduct by any defendant.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES - 5

28. Answering paragraph 28, these defendants deny.

29. Answering paragraph 29, these defendants admit that Plaintiff was terminated on December 21, 2009 after he rejected defendants' reasonable offer to accommodate him and facilitate his eventual reentry into the SPD workforce.

30. Answering paragraph 30, these defendants admit.

31. Answering paragraph 31, these defendants admit.

32. Answering paragraph 32, these defendants admit that on January 5, 2011, discussions were initiated between Guild counsel and the City regarding the possibility of returning Plaintiff to the demoted rank of Detective. As to the remainder of this paragraph, it is denied.

33. Answering paragraph 33, these defendants admit that Defendant Kirkpatrick sent an email on January 7, 2011, the email speaks for itself, but deny the remainder of the allegations and characterizations in this paragraph.

34. Answering paragraph 34, these defendants deny.

35. Answering paragraph 35, these defendants admit that representatives of the parties reached a tentative agreement contingent on approval by the Human Rights Commission as well as the Spokane City Council.

36. Answering paragraph 36, these defendants are without sufficient knowledge or information to form a belief as to the truth or veracity of the statements and therefore deny.

37. Answering paragraph 37, these defendants admit that a Settlement Agreement was proposed and signed by the City and Plaintiff, however that

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES - 6

OFFICE OF THE CITY ATTORNEY
5th Floor Municipal Building
Spokane, WA  99201-3326
(509) 625-6225
FAX (509) 625-6277

agreement was rejected by a necessary party, the Human Rights Commission, and thus was never fully executed.

38.     Answering paragraph 38, these defendants admit that Mayor Condon made some comments, but deny that they are accurately reflected in this paragraph.

39.     Answering paragraph 39, these defendants deny.

40.     Answering paragraph 40, these defendants admit that Plaintiff withdrew his Human Rights Commission and made a new settlement demand with a requested response from the City by February 29, 2012.  Defendants further admit that Plaintiff chose to file this Complaint on February 28, 2012, before the City had an opportunity to respond to his new demand.

## FIRST CAUSE OF ACTION
**(Discrimination – RCW 49.60, et seq.; 42 U.S.C. § 12101 et seq.)**

41.     Answering paragraph 41, these defendants repeat their answers to paragraphs 1 through 40 above as if fully set forth.

42.     Answering paragraph 42, these defendants deny.

43.     Answering paragraph 43, these defendants deny.

44.     Answering paragraph 44, these defendants deny.

45.     Answering paragraph 45, these defendants deny.

46.     Answering paragraph 46, these defendants deny.

47.     Answering paragraph 47, these defendants deny.

## SECOND CAUSE OF ACTION
**Breach of Contract**

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES - 7

**OFFICE OF THE CITY ATTORNEY**
**5th Floor Municipal Building**
**Spokane, WA  99201-3326**
**(509) 625-6225**
**FAX (509) 625-6277**

48. Answering paragraph 48, these defendants repeat their answers to paragraphs 1 through 47 above as if fully set forth.

49. Answering paragraph 49, these defendants deny.

50. Answering paragraph 50, these defendants deny.

51. Answering paragraph 51, these defendants deny.

52. Answering paragraph 52, these defendants deny.

## THIRD CAUSE OF ACTION
### (Fourteenth Amendment Violations – 42 U.S.C. § 1983)

53. Answering paragraph 53, these defendants repeat their answers to paragraphs 1 through 52 above as if fully set forth.

54. Answering paragraph 54, these defendants deny.

55. Answering paragraph 55, these defendants deny.

## FOUTH CAUSE OF ACTION
### (Vicarious Liability)

56. Answering paragraph 56, these defendants repeat their answers to paragraphs 1 through 55 above as if fully set forth.

57. Answering paragraph 57, these defendants admit that the City is vicariously liable for acts by Defendant Kirkpatrick performed within the scope of her employment. As to the remaining allegations, they are so vague that no response is possible, but to the extent that a response is called for, they are denied.

## FIFTH CAUSE OF ACTION
### (Infliction of Emotional Distress)

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES - 8

OFFICE OF THE CITY ATTORNEY
5th Floor Municipal Building
Spokane, WA 99201-3326
(509) 625-6225
FAX (509) 625-6277

58. Answering paragraph 58, these defendants repeat their answers to paragraphs 1 through 57 above as if fully set forth.

59. Answering paragraph 59, these defendants deny.

## SIXTH CAUSE OF ACTION
### (Negligence/Gross Negligence)

60. Answering paragraph 60, these defendants repeat their answers to paragraphs 1 through 59 above as if fully set forth.

61. Answering paragraph 61, these defendants deny.

62. Answering paragraph 62, these defendants deny.

63. Answering paragraph 63, these defendants deny.

64. Answering paragraph 64, these defendants deny.

## SEVENTH CAUSE OF ACTION
### (Outrage)

65. Answering paragraph 65, these defendants repeat their answers to paragraphs 1 through 64 above as if fully set forth.

66. Answering paragraph 66, these defendants deny.

67. Answering paragraph 67, these defendants deny.

## EIGHTH CAUSE OF ACTION
### (Wrongful Withholding of Wages)

68. Answering paragraph 68, these defendants repeat their answers to paragraphs 1 through 67 above as if fully set forth.

69. Answering paragraph 69, these defendants deny.

70. Answering paragraph 70, these defendants deny.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES - 9

OFFICE OF THE CITY ATTORNEY
5th Floor Municipal Building
Spokane, WA 99201-3326
(509) 625-6225
FAX (509) 625-6277

71. Answering paragraph 71, these defendants deny.

## NINTH CAUSE OF ACTION
### (Retaliation)

72. Answering paragraph 72, these defendants repeat their answers to paragraphs 1 through 71 as if fully set forth.

73. Answering paragraph 73, these defendants deny.

74. Answering paragraph 74, these defendants deny.

75. Answering paragraph 75, these defendants deny.

76. Answering paragraph 76, these defendants deny.

## TENTH CAUSE OF ACTION
### (Promissory Estoppel/Implied Contract)

77. Answering paragraph 77, these defendants repeat their answers to paragraphs 1 through 76 as if fully set forth.

78. Answering paragraph 78, these defendants deny.

79. Answering paragraph 79, these defendants deny.

80. Answering paragraph 80, these defendants deny.

81. Answering paragraph 81, these defendants deny.

## ELEVENTH CAUSE OF ACTION
### (Equitable Estoppel)

82. Answering paragraph 82, these defendants repeat their answers to paragraphs 1 through 81 as if fully set forth.

83. Answering paragraph 83, these defendants deny.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES - 10

OFFICE OF THE CITY ATTORNEY
5th Floor Municipal Building
Spokane, WA 99201-3326
(509) 625-6225
FAX (509) 625-6277

84. Answering paragraph 84, these defendants deny.

85. Answering paragraph 85, these defendants deny.

## AFFIRMATIVE DEFENSES

FOR FURTHER ANSWER, and as AFFIRMATIVE DEFENSES, the defendant(s) allege(s) as follows:

1. The plaintiff has failed to state a claim upon which relief may be granted.

2. Vicarious liability is not applicable to the facts or legal principle alleged in this complaint and, therefore, Defendant Kirkpatrick is not vicariously liable for any actions attributable solely to the defendant City of Spokane.

3. Plaintiff's injuries and damages, if any, are barred by plaintiff's failure to mitigate such injury or damage.

4. All actions of defendants herein alleged as negligence, manifest a reasonable exercise of judgment and discretion by authorized public officials made in the exercise of governmental authority entrusted to them by law and are neither tortious nor actionable.

5. That the plaintiff's complaint fails to state a cause of action against the City of Spokane for, pursuant to <u>Monell v. Department of Social Services of the City of New York</u>, 436 U.S. 658, 98 S.Ct. 2018 (1978), there can be no recovery for a federal civil rights violation when there is no constitutional deprivation occurring pursuant to governmental custom or policy.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES - 11

OFFICE OF THE CITY ATTORNEY
5th Floor Municipal Building
Spokane, WA 99201-3326
(509) 625-6225
FAX (509) 625-6277

6. That pursuant to <u>Harlow v. Fitzgerald</u>, 102 S.Ct. 2727 (1982), Defendant Kirkpatrick is immune from liability pursuant to the Federal Civil Rights Act where she acted in good faith and entertained an honest, reasonable belief that her actions were necessary.

7. The plaintiff's complaint does not state facts sufficient to constitute a cause of action against any defendant for negligence, because simple negligence, pursuant to the United States Supreme Court decision of <u>Parratt v. Taylor</u>, 451 U.S. 527, 101 S.Ct. 1908 (1981), is not a Federal Civil Rights violation.

8. The claim for punitive damages against the City of Spokane is not permitted. <u>City of Newport v. Fact Concerts</u>, 453 U.S. 247, 101 S.Ct. 2748 (1981) .

9. The plaintiff's complaint fails to state a cause of action against the City for, pursuant to <u>Monell v. Department of Social Services of the City of New York</u>, 436 U.S. 658, 98 S.Ct. 2018 (1978), there can be no recovery for a federal civil rights violation when there is no constitutional deprivation occurring pursuant to governmental custom or policy.

10. The defendant City was not aware of any egregious conduct by its employees nor did the City react with deliberate indifference toward the constitutional rights of the plaintiff.

11. Defendant Kirkpatrick is immune from suit and liability pursuant to the Federal Civil Rights Act because her conduct did not violate a clearly established federal right.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES - 12

12. Defendants did not make any employment decision affecting plaintiff that was unlawful or discriminatory or motivated by an attempt to discriminate or retaliate on any basis, nor did any conduct of defendants result from any employment practice having a discriminatory or retaliatory object or impact.

13. The plaintiff is a member of a collective bargaining unit, the Spokane Police Guild ("Guild"). The Guild has entered into a Collective Bargaining Agreement ("CBA") with the defendant City, and the plaintiff's employment and allegations in his Complaint are subject to the terms and conditions of the CBA.

14. The plaintiff is considered to be a civil service employee under Washington law and the City of Spokane Civil Service Commission ("Commission"). The plaintiff's employment is subject to the terms and conditions of the Commission, as are several of the allegations in his Complaint.

15. The City has complied with the terms and conditions of the CBA and the Commission.

16. The plaintiff and the Guild have filed a formal grievance under the CBA.

17. The plaintiff has failed to exhaust administrative remedies available to him under the CBA or the Civil Service Commission.

Wherefore, having fully answered plaintiff's complaint, defendants pray as follows:

1. The plaintiff's complaint be dismissed with prejudice and that plaintiff take nothing thereby.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES - 13

2. The defendant City be awarded its costs and disbursements in defending this action.

3. For other such relief as the court may deem appropriate.

DATED this 26th day of March, 2012.

>s/Patrick J. Dalton
>Patrick J. Dalton, WSBA #10782
>Senior Assistant City Attorney
>Attorney for Defendants
>Office of the City Attorney
>808 W. Spokane Falls Blvd.
>Spokane, WA  99201-3326
>Telephone:  (509) 625-6225
>Fax:  (509) 625-6277
>Email: pdalton@spokanecity org

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES - 14

**OFFICE OF THE CITY ATTORNEY**
**5th Floor Municipal Building**
**Spokane, WA  99201-3326**
**(509) 625-6225**
**FAX (509) 625-6277**

CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of March, 2012, I electronically filed the foregoing "Defendants' Answer to Plaintiff's Complaint for Damages" with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Robert A. Dunn
Michael R. Tucker
Dunn & Black
Banner Bank Building
111 North Post, Suite 300
Spokane, WA  99201
Attorneys for Plaintiff
bdunn@dunnandblack.com
mtucker@dunnandblack.com

                                        s/Patrick J. Dalton
                                        Patrick J. Dalton
                                        Office of the City Attorney
                                        808 W. Spokane Falls Blvd.
                                        5th Floor, Municipal Building
                                        Spokane, WA  99201-3326
                                        Phone (509) 625-6225
                                        Fax (509) 625-6277

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES - 15

**OFFICE OF THE CITY ATTORNEY**
**5th Floor Municipal Building**
**Spokane, WA  99201-3326**
**(509) 625-6225**
**FAX (509) 625-6277**