UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRADLEY N. THOMA, a single person,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SPOKANE, a municipal corporation in and for the State of Washington; and ANNE E. KIRKPATRICK, a single person,<br><br>　　　　　　　　Defendants. | No.  CV-12-0156-EFS<br><br>**ORDER GRANTING IN PART AND DENYING AS MOOT IN PART PLAINTIFF'S MOTION TO SEAL, AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

### I.  <u>INTRODUCTION</u>

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment, ECF No. 17, and related Motion to Seal, ECF No. 21.  A motion hearing occurred on March 27, 2013.  ECF No. 31. Robert A. Dunn and Susan C. Nelson appeared on behalf of Plaintiff Bradley Thoma; Sarah S. Mack appeared on behalf of Defendants City of Spokane and Anne Kirkpatrick.  *Id.*  After reviewing the pleadings and record in this matter, and after hearing from counsel, the Court was fully informed.  The Court orally granted in part and denied as moot in part Plaintiff's Motion to Seal, and denied Plaintiff's Motion for Partial Summary Judgment.  This Order memorializes and supplements the Court's oral rulings.

ORDER GRANTING IN PART AND DENYING AS MOOT IN PART
PLAINTIFF'S MOTION TO SEAL, AND DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT - 1

## II. BACKGROUND

**A. Factual History**[1]

On the evening of September 23, 2009, Plaintiff — a sergeant and twenty-year veteran of the Spokane Police Department — was involved in an off-duty vehicle accident. He drove away from the scene, but was subsequently contacted by the driver of the other vehicle and police officers. He was arrested and charged with driving under the influence and failure to remain at the scene of the accident.

The following day, the Defendant City of Spokane ("City") placed Plaintiff on administrative leave and initiated an internal investigation. During that investigation, Plaintiff sought and received a private medical evaluation, which stated that Plaintiff suffered from alcohol dependence. Plaintiff entered into a deferred prosecution agreement to avoid a DUI criminal conviction and to

---

[1] In connection with Plaintiff's Motion for Partial Summary Judgment, the parties each submitted Statements of Material Facts. ECF Nos. 18 (Plaintiff's material facts) & 27 (Defendants' material facts). The Court treats all uncontested facts as established for purposes of this motion, consistent with Federal Rule of Civil Procedure 56(d), and recites these facts without citation to the record. Any disputed facts are supported by a citation to the record.

In reciting these facts, the Court 1) believed the undisputed facts and the non-moving party's evidence, 2) drew all justifiable inferences therefrom in the non-moving party's favor, 3) did not weigh the evidence or assess credibility, and 4) did not accept assertions made by the non-moving party that were flatly contradicted by the record. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Scott v. Harris*, 550 U.S. 372, 380 (2007).

ORDER GRANTING IN PART AND DENYING AS MOOT IN PART
PLAINTIFF'S MOTION TO SEAL, AND DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT - 2

receive treatment for his alcoholism. As part of that deferred prosecution agreement, Plaintiff was required to obtain an Ignition Interlock License ("IIL") from the Washington State Department of Licensing, which limited him to driving only vehicles equipped with an ignition interlock device ("IID").

On November 9, 2009, while the City's internal investigation was ongoing, Plaintiff's attorney advised Defendants that Plaintiff was privately evaluated and had been diagnosed with an alcohol problem. On December 9, 2009, Defendant Police Chief Anne Kirkpatrick notified Plaintiff, pursuant to *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985), that she intended to terminate his employment. Five days later, Plaintiff's physician faxed a short, hand-written note to Defendants indicating that he had diagnosed Plaintiff with alcoholism and suggesting several accommodations.

On December 17, 2009, during the *Loudermill* hearing, Plaintiff orally requested an accommodation of his alcoholism. Rejecting the two previously-identified potential accommodations provided by Plaintiff's physician, Defendants refused to equip Plaintiff's vehicle with an IID or to sign a waiver allowing Plaintiff to operate a police vehicle without an IID. Instead, they offered him the option of being placed in "laid off" status for two years during the time he was required to have an IIL; and at the conclusion of the two-year period, he would be eligible for reemployment with the City. Plaintiff rejected Defendants' offer. On December 21, 2009, Defendants terminated Plaintiff's employment, finding that the accommodations

ORDER GRANTING IN PART AND DENYING AS MOOT IN PART
PLAINTIFF'S MOTION TO SEAL, AND DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT - 3

requested by Plaintiff had been evaluated but rejected as unacceptable and unreasonable.

**B.    Procedural History**

On February 28, 2012, Plaintiff filed suit in Spokane County Superior Court alleging various claims, including violations of due process under 42 U.S.C. § 1983, and unlawful discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the Washington Law Against Discrimination (WLAD), RCW Chapter 49.60. ECF No. 1. On March 15, 2012, Defendants removed the lawsuit to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(b)-(c). *Id.* A telephonic scheduling conference was held on June 19, 2012, ECF No. 12, and the Court set this matter for a jury trial beginning April 14, 2014, ECF No. 14.

On February 4, 2013, Plaintiff moved for partial summary judgment, asking the Court to find, as a matter of law, that Plaintiff was "disabled" within the meaning of both the ADA and WLAD. ECF No. 17. In support of that motion, Plaintiff's counsel, Susan Nelson, filed a declaration with twenty attached exhibits. ECF No. 19. Plaintiff contemporaneously filed a motion to seal eleven of the exhibits. ECF No. 21. Defendants oppose both motions. ECF Nos. 23 & 29.

### III.  PLAINTIFF'S MOTION TO SEAL

Plaintiffs seek to seal Exhibits E, F, G, J, K, L, N, O, P, Q, and S to the Declaration of Susan C. Nelson, ECF No. 19, filed in support of Plaintiff's summary-judgment motion. The proposed sealed documents have been separately filed for the Court's consideration.

ECF No. 22. For the reasons set forth below, the Court grants Plaintiff's Motion to Seal with respect to Exhibits E, F, G, and O, and denies as moot Plaintiff's Motion to Seal with respect to Exhibits J, K, L, N, P, Q, and S.

**A.    Legal Standards**

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and [filings]." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation omitted). But the right of public access is not absolute. *Id.* For documents attached to dispositive motions, "[a] party seeking to seal [such documents] . . . bears the burden of overcoming [a strong presumption of public access] by . . . articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure . . . ." *Kamakana*, 447 F.3d at 1178-79 (internal citations and quotations omitted). Specifically, the party seeking to preclude public access must show that "closure serves a compelling interest," and a substantial probability exists "that, in the absence of closure, this compelling interest would be harmed . . . ." *In re Copley Press, Inc.,* 518 F.3d 1022, 1028 (9th Cir. 2008). The moving party must also show that no lesser alternative exists that would similarly protect the compelling interest. *Id.*

Under Washington state's Public Records Act (PRA), the public's right of access is generally secondary to an individual's right to privacy with regard to confidential employment records and records of

pre-employment investigations. Personal employment files, including employee evaluations that do not contain specific instances of misconduct, are exempt from disclosure. RCW 42.56.230(3); *DeLong v. Parmelee*, 157 Wn. App. 119, 160 (2010) ("[E]valuations that do not contain specific instances of misconduct are exempt [from disclosure] because both the supervisor and the employee reasonably expect those evaluations to remain confidential[,] and the disclosure of that information would be offensive to a reasonable person and of small public concern."). Similarly, employment applications, "including the names of applicants, resumes, and other related material submitted with respect to an applicant," are also exempt from public disclosure. RCW 42.56.250(2). While not dispositive, the PRA is instructive here, as it helps to identify specific compelling interests that justify the sealing of certain types of private government records when utilized in otherwise-public litigation.

**B.    Discussion**

   1.    Exhibits G and O

Exhibits G and O are both medical records from Plaintiff's treatment provider and are thus exempt from public disclosure under the PRA. *See* RCW 42.56.230(3). Defendants do not object to Plaintiff's motion to seal insofar as Exhibits G and O are concerned. ECF No. 23, at 4. Moreover, the need to protect a person's privacy in medical records is tantamount, as it ensures that patients are able to discuss medical conditions with — and receive treatment from — medical providers. Protecting a public employee's right to seek medical treatment and to engage in open and frank communication with a medical

ORDER GRANTING IN PART AND DENYING AS MOOT IN PART
PLAINTIFF'S MOTION TO SEAL, AND DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT - 6

provider is a compelling interest, and it outweighs the public's interest in disclosure of otherwise-confidential medical records. *See, e.g.*, *Pratt v. Cox*, No. 3:11-CV-00604-RCJ, 2012 WL 6691687, at *1 (D. Nev. Dec. 21, 2013) (unpublished) (citing cases). Accordingly, Plaintiff's motion to seal is granted with respect to Exhibits G and O, and Plaintiff shall promptly file these exhibits under seal.

### 2. Exhibits J, K, L, N, P, Q, and S

In response to Defendants' objection to sealing these exhibits, Plaintiff indicates these exhibits were filed under proposed seal to comply with the Protective Order, ECF No. 25, and that Plaintiff has no objection to treating these exhibits as public records. ECF No. 26, at 7. Accordingly, based on the parties' apparent agreement that these exhibits may be treated as public records, Plaintiff's motion to seal is denied as moot with respect to Exhibits J, K, L, N, P, Q, and S. Plaintiff shall promptly refile these exhibits as public docket entries.

### 3. Exhibit E

Exhibit E consists of two employment performance evaluations of Plaintiff, dated July 12, 2007, and December 29, 2008. Neither evaluation contains specific instances of misconduct. Accordingly, these records are exempt from public disclosure under the PRA, pursuant to RCW 42.56.230(3). *See Dawson v. Daly*, 120 Wn. 2d 782, 797 (1993); *Brown v. Seattle Public Schools*, 71 Wn. App. 613 (1993). Protecting a public employee's personnel records, including otherwise-confidential performance evaluations, is a compelling interest; and absent some showing to the contrary by Defendants, this compelling

ORDER GRANTING IN PART AND DENYING AS MOOT IN PART
PLAINTIFF'S MOTION TO SEAL, AND DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT - 7

interest outweighs the public's interest in disclosure. *See Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 576 (D. Md. 2012) (granting motion to seal with respect to "sensitive personnel records"); *Rock v. McHugh*, 819 F. Supp. 2d 456, 476-77 (D. Md. 2011) (same with respect to "employer personnel records" containing personal information). Accordingly, Plaintiff's motion to seal is granted with respect to Exhibit E. Plaintiff shall promptly file this exhibit under seal.

4. <u>Exhibit F</u>

Exhibit F consists of a pre-employment investigative report conducted by the City with respect to Plaintiff. Like performance evaluations, applications for public employment and related records are exempt from public disclosure under the PRA. RCW 42.56.250(2). Maintaining the privacy of background investigation reports produced in connection with applications for public employment is a compelling interest, and it outweighs the public's interest in disclosure, particularly when — as here — no showing has been made that the report is probative of the claims at issue in the underlying suit. *See Pryor v. City of Clearlake*, No. C-11-0954-CW, 2012 WL 3276992, at *4 (N.D. Cal. Aug. 9, 2012) (unpublished) (sealing a background investigation report produced in connection with a police officer's application for employment). Accordingly, Plaintiff's motion to seal is granted with respect to Exhibit F. Plaintiff shall promptly file this exhibit under seal.

### IV.  MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff seeks partial summary judgment on certain aspects of his ADA and WLAD disability claims. Specifically, he seeks a

determination, as a matter of law, that his alcoholism constitutes a "disability" and that he was therefore disabled during all times relevant to his complaint.  Defendant opposes this motion, contending that 1) a genuine issue of material fact has been raised as to whether Defendants ever regarded Plaintiff as disabled within the meaning of the ADA; and 2) Plaintiff presented no evidence of disability sufficient to sustain a discrimination claim under the WLAD.

**A.   Legal Standards**

Summary judgment is appropriate if the record establishes "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson*, 477 U.S. at 248.  A dispute about a material fact is genuine if a reasonable jury would possess sufficient evidence to return a verdict for the non-moving party. *Id.* at 248-49.

The party moving for summary judgment has the initial burden of identifying those portions of the pleadings, proffered discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  If the moving party meets this burden, the party opposing summary judgment must point to specific facts establishing a genuine dispute of material fact for trial. *Id. at* 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986).  If the non-moving party fails to make such a showing, the moving party is entitled to summary judgment. *Celotex Corp.*, 477 U.S. at 322.

//

**B.    Discussion**

Whether a person qualifies as "disabled" under federal and state disability discrimination law is almost always a question for the trier of fact. *See Rhodes v. URM Stores, Inc.*, 95 Wn. App. 794, 799 (1999). Moreover, the definitions of disability under the ADA and the WLAD are distinct. *See Hale v. Wellpinit Sch. Dist. No. 49*, 165 Wn. 2d 494, 498 (2009) (concluding that the Washington legislature had validly changed the definition of "disability" under WLAD following the state supreme court's now-inoperative conclusion that the definitions of "disability" under the WLAD and the ADA were synonymous). For that reason, the Court analyzes Plaintiff's motion separately with respect to his ADA claim and his WLAD claim.

1.    <u>ADA Claim</u>

An individual has a "disability" within the meaning of Title II of the ADA if he 1) has "a physical or mental impairment that substantially limits one or more major life activities"; 2) has "a record of such an impairment"; or 3) is "regarded as having such an impairment[.]" 42 U.S.C. § 12102(1). A person

> meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under [the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.

*Id.* § 12102(3)(A). Courts are to construe the definition "in favor of broad coverage of individuals . . . ." *Id.* § 12102(4)(A).

As a threshold matter, Plaintiff's counsel conceded at oral argument that, at the present, Plaintiff does not seek summary

ORDER GRANTING IN PART AND DENYING AS MOOT IN PART
PLAINTIFF'S MOTION TO SEAL, AND DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT - 10

1  judgment pursuant to the "substantially limited" or "record of
2  impairment" prongs of the ADA; instead, Plaintiff seeks summary
3  judgment under the "regarded as" prong. Accordingly, the Court
4  analyzes only that prong.

5  The ADA Amendments Act of 2008 ("ADAAA"), Pub. L. 110-325, §§
6  4(a) & 8, 122 Stat. 3555 (2008), made it significantly easier for a
7  plaintiff to bring a regarded-as claim. Prior to the ADAAA, to
8  maintain such a claim, a plaintiff had to show that the employer
9  "entertain[ed] misperceptions about the [employee, believing either
10 that the employee] has a substantially limiting impairment that [she]
11 does not have or that [she] has a substantially limiting impairment
12 when, in fact, the impairment is not so limiting." *Sutton v. United
13 Air Lines, Inc.*, 527 U.S. 471, 489 (1999). However, in enacting the
14 ADAAA, Congress broadened the definition; now, a plaintiff may
15 demonstrate a disability by establishing that he was terminated
16 because of an actual or perceived physical or mental impairment,
17 regardless of how significant that impairment was or was perceived to
18 be. *Hilton v. Wright*, 673 F.3d 120, 128-29 (2d Cir. 2012).

19 In support of his motion, Plaintiff provides several reasons why
20 he believes Defendants regarded him as suffering from a protected
21 disability. First, through counsel, Plaintiff communicated his belief
22 to Defendants that he had an alcohol "problem" during the
23 investigation of his arrest. *See* Plaintiff's Statement of Material
24 Facts (PSMF), ECF No. 18, at ¶ 13. Second, after receiving notice of
25 Defendants' intent to terminate his employment, Plaintiff's physician
26 faxed Defendants a brief, hand-written note indicating the physician's

ORDER GRANTING IN PART AND DENYING AS MOOT IN PART
PLAINTIFF'S MOTION TO SEAL, AND DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT - 11

conclusion that Plaintiff suffered from alcoholism. *Id.* ¶ 19. Third, during his *Loudermill* hearing, Plaintiff requested an accommodation for his alcoholism. *Id.* ¶ 20. And finally, in terminating his employment, Defendant Kirkpatrick expressed in writing that she "assumed" Plaintiff suffered from alcoholism and that such alcoholism is a disability. *Id.* ¶ 29.

Defendants contend that this evidence is insufficient to show, as a matter of law, that they regarded Plaintiff as having a disability. And Defendants are correct. Plaintiff argues that this evidence shows Defendants believed Plaintiff was an alcoholic. But Defendants could also reasonably persuade a jury that the evidence merely shows they acknowledged his belief that he was disabled, but did not share it; moreover, Defendants could argue that they assumed Plaintiff was disabled solely for the purpose of deciding how to address DOL's requirement that Plaintiff could only drive vehicles equipped with an IID. Similar to a court "assuming without deciding" a collateral issue to reach an expeditious conclusion on the underlying merits of a matter, Defendants could plausibly convince the jury that they took the same approach in addressing Plaintiff's claimed disability. Defendants can reasonably argue that they never regarded Plaintiff as having a disability and that they terminated him for reasons entirely unrelated to his alcoholism.

For this reason, Defendants have raised a genuine dispute about how the jury might interpret this equivocal evidence. Because a jury is best situated to decide whether Plaintiff was regarded by Defendants as suffering from a disability, Defendants have identified

a genuine issue of material fact which cannot be resolved by summary judgment. Accordingly, the Court denies Plaintiff's motion for partial summary judgment with respect to the ADA claim.

2.   WLAD Claim

Like the ADA, the WLAD prohibits discrimination on the basis of actual and perceived disabilities. However, the definition of "disabled" under the WLAD differs from the ADA's definition. *See Hale*, 165 Wn. 2d at 498. Under the WLAD, a disability "means the presence of a sensory, mental, or physical impairment that: [1)] [i]s medically cognizable or diagnosable; or [2)] [e]xists as a record or history; or [3)] [i]s perceived to exist whether or not it exists in fact." RCW 49.60.040(7)(a).

The "perceived" prong of the WLAD appears to be similar to the "regarded as" prong of the ADA; however, Plaintiff cites no authority for how Washington courts interpret this requirement. In fact, the only portion of Plaintiff's motion addressing the WLAD claim is an unadorned citation to *Hines v. Todd Pacific Shipyards Corp.*, 127 Wn. App. 356, 370 (2005), for the argument that alcoholism *can* be a "sensory, mental, or physical disability" within the meaning of the statute. ECF No. 17, at 10.

*Hines* is unpersuasive. It was decided before the Washington legislature amended the WLAD's disability definition in April 2007, and it does not analyze how or why alcoholism satisfies the WLAD's definition of a disability. In fact, in affirming the trial court's decision to grant summary judgment, the *Hines* court apparently assumed without deciding that alcoholism was a disability, instead resolving

ORDER GRANTING IN PART AND DENYING AS MOOT IN PART
PLAINTIFF'S MOTION TO SEAL, AND DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT - 13

the plaintiff's failure-to-accommodate claim on the alternative basis that no accommodation was medically necessary.

The Washington Supreme Court has repeatedly declined to hold that alcoholism is a disability as a matter of law, "leaving the issue one of fact for the jury." *Rhodes*, 95 Wn. App. at 799; *see Brady v. Daily World,* 105 Wn. 2d 770, 777 (1986); *Phillips v. City of Seattle,* 111 Wash.2d 903, 910 (1989). The Court finds no reason to adopt a different approach here. In the absence of any substantive briefing on why Plaintiff's alcoholism diagnosis qualifies as a disability as a matter of law under the WLAD, the Court denies Plaintiff's motion for partial summary judgment with respect to the WLAD claim.

## V.    CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Seal, ECF No. 21, is **GRANTED IN PART AND DENIED IN PART**, as set forth above.

2. Plaintiff shall promptly file Exhibits E, F, G, and O under seal, and shall promptly file Exhibits J, K, L, N, P, Q, and S as public docket entries.

3. Plaintiff's Motion for Partial Summary Judgment, **ECF No. 17**, is **DENIED.**

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 3rd day of April 2013.

                    s/Edward F. Shea
                    EDWARD F. SHEA
              Senior United States District Judge

Q:\EFS\Civil\2012\156.msj.deny.seal.gdip.lc2.docx

ORDER GRANTING IN PART AND DENYING AS MOOT IN PART
PLAINTIFF'S MOTION TO SEAL, AND DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT - 14