UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRADLEY N. THOMA,<br><br>      Plaintiff,<br><br>  v.<br><br>CITY OF SPOKANE, a municipal corporation in and for the State of Washington; and ANNE E. KIRKPATRICK, a single person,<br><br>      Defendants. | No. CV-12-0156-EFS<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO WRONGFUL WITHHOLDING OF WAGES** |

### I. INTRODUCTION

On February 20, 2014, the Court heard from counsel as to Defendants' Motion for Summary Judgment, ECF No. 71. On February 28, 2014, the Court granted summary judgment dismissing Plaintiff's breach of contract and promissory estoppel claims and taking the remainder of the claims under advisement.

### II. BACKGROUND

The Court previously set forth, and herein incorporates, the factual and procedural recitation in the previous Order, ECF No. 160.

### III. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**A. Legal Standard**

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is

ORDER - 1

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once a party has moved for summary judgment, the opposing party must point to specific facts establishing that there is a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Id.* at 322. "When the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal citation omitted) (emphasis in original). When considering a motion for summary judgment, the Court does not weigh the evidence or assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**B.   Discussion**

Defendant seeks summary judgment on all of Plaintiff's eleven claims. At the February 20, 2014 hearing, Plaintiff withdrew his Fifth (Emotional Distress), Sixth (Negligence), Seventh (Outrage), and Eleventh (Equitable Estoppel) Claims. On February 28, 2014, the Court granted summary judgment dismissing Plaintiff's breach of contract and promissory estoppel claims. The Court now addresses Plaintiff's Eighth Claim, wrongful withholding of wages.

1.  <u>Eighth Claim: Wrongful Withholding of Wages</u>

Plaintiff alleges that Defendants wrongfully withheld his wages in violation of Washington Revised Code §§ 49.48.010, 49.52.050, and 49.52.070, and is therefore entitled to double compensation. ECF No. 1. Defendants seek summary judgment arguing the action is not ripe and that there is a fairly debatable dispute over whether wages should be paid. Plaintiff maintains that Defendants wrongfully terminated his employment for having a disability, violating § 49.52.50 entitling Plaintiff to double compensation under § 49.52.070.

However, "Washington courts have not extended RCW § 49.52.050 to situations where employers violate anti-discrimination statutes. Rather, violations of § 49.52.050 have been upheld where an employer consciously withholds a quantifiable and undisputed amount of accrued pay." *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1203 (9th Cir. 2002) (citing *Ellerman v. Centerpoint Prepress, Inc.*, 22 P.3d 795, 798 (2001) (failure to pay wages); *Schilling v. Radio Holdings, Inc.*, 961 P.2d 371, 377 (1998) (failure to issue regular paychecks)). In *Hemmings*, where the jury found that the defendant willfully and intentionally violated federal and state anti-discrimination statutes, the Ninth Circuit reversed the district court's judgment that double damages were available under RCW § 49.52.070. *Id*. at 1204. Here, neither party has provided, and the Court has not found, any Washington Supreme Court decision, or change in the applicable statutes, indicating that a change in the law has occurred since the Ninth Circuit's decision in *Hemmings*. *See Davis v. Metro Prods., Inc.,* 885 F.2d 515, 524 (9th Cir. 1989) ("In interpreting state law,

ORDER - 3

federal courts are bound by the pronouncements of the state's highest court."). Accordingly, the Court finds that under the law of Washington, Plaintiff's claims do not set forth a basis to find a violation of RCW § 49.52.050 or to receive double compensation under RCW § 49.52.070. Therefore, Defendants' Motion for Summary Judgment as to Plaintiff's Eighth Claim, wrongful withholding of wages, is granted.

## IV. CONCLUSION

**IT IS HEREBY ORDERED**: Defendants' Motion for Summary Judgment, **ECF No. 71**, is **GRANTED IN PART** (Plaintiff's Eighth Claim) and **TAKEN UNDER ADVISEMENT IN PART** (Plaintiff's First, Third, Fourth, and Ninth Claim).

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this   3rd   day of March 2014.

                         s/ Edward F. Shea
                         EDWARD F. SHEA
              Senior United States District Judge

Q:\EFS\Civil\2012\0156.order.wages.lc2.docx

ORDER - 4