UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRADLEY N. THOMA, a single person,<br><br>                              Plaintiff,<br><br>           v.<br><br>CITY OF SPOKANE, a municipal corporation in and for the State of Washington; and ANNE E. KIRKPATRICK, a single person,<br><br>                              Defendants. | No.   CV-12-0156-SMJ<br><br>**ORDER GRANTING DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT AND CLOSING FILE** |

## I.    <u>INTRODUCTION</u>

Before the Court, without oral argument, is Defendants' Renewed Motion for Summary Judgment, ECF No. 171.  Previously, the Court granted summary judgment dismissing all but Plaintiff's retaliation and vicarious liability claims.  Defendants now move for summary judgment on the remaining claims.  The Court, having reviewed the pleadings and file in this matter, is fully informed and for the following reasons grants Defendants' motion.

//

ORDER **-** 1

## II.    <u>BACKGROUND</u>

**A.    Factual History**[1]

Plaintiff Bradley Thoma, began working for the City of Spokane Police Department ("SPD") on October 1, 1989.

On the evening of September 23, 2009, Plaintiff was involved in an off-duty vehicle accident.  He was arrested and charged with driving under the influence and failure to remain at the scene of the accident.  On September 24, 2009, Defendant City of Spokane ("City") placed Plaintiff on administrative leave and initiated an internal investigation.

During the prosecution on the criminal charges, Plaintiff sought a deferred prosecution in which he was evaluated and, on October 9, 2009, diagnosed by Colonia Clinic with moderate alcohol dependence.  ECF Nos. 79-10 & 91-1.  On November 13, 2009, the Spokane County District Court entered an Order deferring prosecution.  As part of that deferred prosecution agreement, Plaintiff was required to obtain an Ignition Interlock Driver's License ("IIL"), which limited him to driving only vehicles equipped with an ignition interlock device ("IID").  At the time of the November 13, 2009 Order deferring prosecution, Washington State law allowed, but did not require, employers to issue a "waiver"

---

[1] In ruling on the motion for summary judgment, the Court has considered the facts and all reasonable inferences therefrom as contained in the submitted affidavits, declarations, exhibits, and depositions, in the light most favorable to the party opposing the motion.  *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999).

(referred to by statue as a "declaration") of the IID requirement on employer-owned vehicles used during working hours.

During the City's internal investigation, on November 9, 2009, Plaintiff's Spokane Police Guild representative advised Defendants that Plaintiff "was evaluated and determined to have an alcohol problem." ECF No. 79-8, at 19. This was the "first time [Plaintiff] had informed [his] employer of [his] alcoholism." ECF No. 79-5, at 47:17-19. The parties agree that "[p]rior to Plaintiff's arrest for DUI, there was no record in Plaintiff's personnel, civil service, or medical files of any report that Plaintiff had any issue with alcohol abuse." ECF No. 72 at 4 ¶ 19; ECF No. 113.

On December 9, 2009, Defendant Police Chief Anne Kirkpatrick provided Plaintiff with a Notice of Intent to Terminate, pursuant to *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985). The Notice explained that driving was a required essential function of Plaintiff's job that Defendant Kirkpatrick believed Plaintiff was unable to perform because he was required to maintain an IID on any vehicle he drove. Defendant Kirkpatrick further explained that it was not reasonable to place an IID on a police vehicle and that she did not believe it was reasonable to waive the IID requirement. On December 11, 2009, Plaintiff filed a complaint with the Human Rights Commission ("HRC").

//

On December 14, 2009, Plaintiff's physician Dr. Mark Hart faxed a short, hand-written letter to Defendants in which he stated that he had diagnosed Plaintiff with alcoholism and suggested accommodations. Whatever Plaintiff's alcohol consumption may have been up to that time, he had always been able to perform his job duties as a police officer. Plaintiff was never intoxicated while at work for the SPD. Plaintiff reported that drinking caused him to drink with friends instead of going to the gym, caused him to spend less time with his daughter, but did not affect his ability to go to work.

During the December 17, 2009 *Loudermill* hearing Defendants declined to equip Plaintiff's vehicle with an IID or to sign a waiver allowing Plaintiff to operate a police vehicle without an IID. Instead, Defendant Kirkpatrick offered to put Plaintiff in non-commissioned layoff status for two years, the time he was required to have an IIL, during which he would be placed at the top of the Civil Service list for other jobs with the City for which he may be qualified. As part of the offer, at the conclusion of the two-year period, he would become reemployed with the City as a fully-commissioned Detective, rather than as a Sergeant, as discipline for his conduct leading to the criminal charges. Plaintiff rejected Defendants' offer.

On December 21, 2009, Defendants terminated Plaintiff's employment and issued a Termination of Employment Letter on December 30, 2009, finding that

the accommodations requested by Plaintiff had been evaluated but rejected as unacceptable and unreasonable.   That same day, the Spokane Police Guild ("Guild") field a grievance on behalf of Plaintiff.

On October 18, 2010, the Guild filed an unfair labor practices claim against the SPD.   On January 5, 2011, the City and the Guild drafted an agreement between the City and the Guild to resolve the discipline grievance and read the agreement over the phone to Plaintiff.   The Guild did not sign the agreement. ECF No. 79-17.

Around January 2011, the SPD became aware that the law changed reducing driving restrictions for DUI deferred sentences from two years to one year.

On July 7, 2011, the HRC and the City began considering a settlement.   In December 2011, the HRC, City, and Plaintiff discussed the terms of a settlement agreement in which Plaintiff would dismiss his HRC complaint, Guild grievance, and lawsuit in consideration for reinstatement as Detective with payment of back wages at a Sergeant's pay rate.   In February 2012, these terms were reduced to a written Settlement Agreement between Plaintiff, City, and the HRC.   *See* ECF No. 1, at App. C.   The Settlement Agreement had an integration clause which stated:

> This agreement comprises the entire agreement of the parties with respect to the above-referenced complaints.   No other agreement, statement, or promise made by any party with respect to this

ORDER - 5

complaint, which is not included in this agreement, shall be binding or valid.

ECF No. 1, at App. C.  Importantly, the agreement was "contingent on approval by the Spokane City Council and [would] become effective upon approval by the Washington State Human Rights Commission." *Id*.  The Settlement Agreement was signed by Plaintiff, Mayor Condon, and an assistant city attorney.

On February 22, 2012, the HRC informed the parties that it would not approve the Settlement Agreement.  On February 27, 2012, the City Council voted unanimously to reject the Settlement Agreement.  The same day, Plaintiff sent a letter to the City notifying Defendants that Plaintiff had withdrawn his HRC Complaint and offered a new settlement agreement containing the same terms as the previous agreement but not including the HRC as a party.  No representative of the City signed or accepted the newly proposed settlement agreement.  Plaintiff filed the instant action the next day.

**B.    Procedural History**

On February 28, 2012, Plaintiff filed suit in Spokane County Superior Court alleging eleven different claims, including violation of due process under 42 U.S.C. § 1983 and violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*., and the Washington Law Against Discrimination (WLAD), RCW Chapter 49.60.  ECF No. 1.  On March 15, 2012, Defendants removed the lawsuit to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(b)-(c).

*Id.*  A telephonic scheduling conference was held on June 19, 2012, ECF No. 12, and a jury trial was set for April 14, 2014, ECF No. 14.

On February 4, 2013, Plaintiff moved for partial summary judgment, asking the Court to find, as a matter of law, that Plaintiff was "disabled" within the meaning of both the ADA and WLAD.  ECF No. 17.  Plaintiff contemporaneously filed a motion to seal eleven of the exhibits.  ECF No. 21.  On April 3, 2013, the Court granted in part and denied in part Plaintiff's Motion to Seal, and denied Plaintiff's Motion for Partial Summary Judgment.  ECF No. 32.

On November 25, 2013, Defendants filed for summary judgment.  ECF No. 71.  At the February 20, 2014 hearing, Plaintiff withdrew his Fifth (Emotional Distress), Sixth (Negligence), Seventh (Outrage), and Eleventh (Equitable Estoppel) Claims.  On February 28, 2014, the Court granted summary judgment dismissing Plaintiff's breach of contract and promissory estoppel claims.  ECF No. 160.  On March 3, 2014, the Court granted summary judgment dismissing Plaintiff's wrongful withholding of wages claim.  ECF No. 164.  Then, on June 30, 2014, the Court granted summary judgment dismissing Plaintiff's disability discrimination and due process claims and granted Defendants leave to refile to brief the vicarious liability and retaliation claims.  ECF No. 167.  On July 8, 2014, Defendants renewed their request for summary judgment on Plaintiff's vicarious liability and retaliation claims.

### III.    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**A.    Legal Standard**

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once a party has moved for summary judgment, the opposing party must point to specific facts establishing that there is a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Id.* at 322. "When the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal citation omitted) (emphasis in original). When considering a motion for summary judgment, the Court does not weigh the evidence or assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). When considering the summary judgment motion, the Court 1) took as true all undisputed facts; 2) viewed all

evidence and drew all justifiable inferences therefrom in non-moving party's favor; 3) did not weigh the evidence or assess credibility; and 4) did not accept assertions made that were flatly contradicted by the record. *See Scott v. Harris*, 550 U.S. 372, 380 (2007); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**B.   Discussion**

Defendants have renewed their filing for summary judgment seeking dismissal of Plaintiff's Ninth Claim (Retaliation) and Fourth Claim (Vicarious Liability).  ECF No. 171.  The Court addresses each claim in turn.

1.   Ninth Claim: Retaliation

RCW 49.60.210(1) forbids employers from discharging or otherwise discriminating against an employee in retaliation for opposing practices forbidden by the WLAD.  To avoid summary judgment, Plaintiff must first establish a prima facie case of retaliation: 1) the employee engaged in a statutorily protected activity, 2) the employer took adverse employment action against him, and 3) there was a causal link between the protected activity and the adverse action. *Milligan v. Thompson*, 110 Wn.App. 628, 638 (2002).  Once a prima facie case is established, the burden then shifts to the employer to show a legitimate purpose for the adverse employment action.  *Id*.  If the employer shows a legitimate

purpose, the burden shifts back to the employee to show that this legitimate reason was pretextual. *Id*.

Here, Plaintiff fails to demonstrate a prima facie case of retaliation. While Plaintiff was subject to an adverse employment action, there is no causal link between that adverse action and any statutorily protected activity. For a statutorily protected activity, Plaintiff points to his *Loudermill* hearing and request for accommodations. Plaintiff states that the "record is clear Sgt. Thoma raised his disability of alcoholism during his <u>Loudermill</u> hearing and requested accommodations that would allow him to remain employed during a time his driver's license was encumbered." ECF No. 178 at 4. While this statement misconstrues the purpose and legal requirements of a reasonable accommodation, which is to accommodate a disability and not the collateral consequences of violating the laws that Plaintiff had sworn to uphold as a police officer, the Court has already found no discriminatory practices occurred. ECF No. 167. Additionally, it was not until *after* Defendants notified Plaintiff of an intent to terminate, and *after* his *Loudermill* hearing, that Defendants offered to place him on a two-year leave if he executed a release and waived any civil claims, which would include the *then existing*, December 11, 2009 Human Rights Complaint. Such an offer to settle the existing dispute, regardless of Plaintiff's desire to consult with an attorney, does not evidence retaliation when that offer is not

timely accepted before Defendants moved forward with termination. *See*, *e.g.*, *Hotchkiss v. CSK Auto, Inc.*, 949 F. Supp. 2d 1040 (E.D. Wash. 2013) (rejecting argument that settlement offer was anything more than an effort to resolve a dispute). Accordingly, there is no protected activity and no improper causal connection between Plaintiff's rejection of the settlement offer and his resulting termination.

Regardless, even if Plaintiff could make a prima facie case for retaliation, Defendants have demonstrated a legitimate reason for terminating Plaintiff, which Plaintiff has not shown to be pretextual. This Court has already found that "the record makes clear that Plaintiff was terminated for his alcohol related misconduct not his alcoholism" and that "Plaintiff was terminated because of the collateral consequences of his decision to operate a motor vehicle while intoxicated and to enter into a deferred prosecution agreement." ECF No. 167 at 12. This Court found "[t]his is a legitimate, nondiscriminatory reason for termination" and Plaintiff failed to "demonstrate any . . . pretext." *Id*. at 13. Accordingly, Plaintiff's Ninth Claim, Retaliation, fails as a matter of law.

//

//

//

/

     2.    <u>Fourth Claim: Vicarious Liability</u>

As all of Plaintiff's other substantive claims have been dismissed as a matter of law, there no longer exists a substantive claim remaining for Defendants to be found vicariously liable.   Accordingly, the vicarious liability claim is dismissed.

Accordingly, **IT IS HEREBY ORDERED**:

    **1.**    Defendants' Renewed Motion for Summary Judgment, **ECF No. 171**, is **GRANTED**.

    **2.**    The Clerk's Office is directed to enter **JUDGMENT** for Defendants.

    **3.**    All pending motions are **DENIED AS MOOT**.

    **4.**    All pending deadlines and hearings are **STRICKEN**.

    **5.**    The Clerk's Office shall **CLOSE** this file.

**IT IS SO ORDERED.**   The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 26th day of August 2014.

_____
SALVADOR MENDOZA, JR.
United States District Judge