**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 5 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRADLEY N. THOMA, a single person,<br><br>    Plaintiff-Appellant,<br><br>  v.<br><br>CITY OF SPOKANE, a municipal corporation in and for the State of Washington and ANNE E. KIRKPATRICK, a single person,<br><br>    Defendants-Appellees. | No. 14-35829<br><br>D.C. No. 2:12-cv-00156-SMJ<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Argued and Submitted May 17, 2017
Seattle, Washington

Before: HAWKINS, GOULD, and PAEZ, Circuit Judges.

    Bradley N. Thoma appeals from the adverse grant of summary judgment on his state and federal claims arising out of his termination from the Spokane Police Department ("SPD") as well as several discovery related orders. We review the grant of summary judgment de novo, *Universal Health Servs., Inc. v. Thompson*,

---

    [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

363 F.3d 1013, 1019 (9th Cir. 2004), and discovery orders for abuse of discretion, *see Home Sav. Bank, F.S.B. v. Gillam*, 952 F.2d 1152, 1157 (9th Cir. 1991). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. There was no error in granting summary judgment to the defendants, the City of Spokane (the "City") and former SPD Chief of Police, Anne Kirkpatrick ("Kirkpatrick"), on Thoma's breach of contract and promissory estoppel claims. The purported settlement agreement specifically states that the agreement was "contingent on approval by the Spokane City Council and [would] become effective upon approval by the Washington State Human Rights Commission." Thoma confirmed during his deposition that he understood the agreement was contingent on further approval. The email correspondence between Thoma's counsel, an Assistant City Attorney, the Human Rights Commission's counsel, and the Spokane Police Guild's counsel does not demonstrate any agreement to the contrary. And, it is undisputed that neither the City Council nor the Human Rights Commission approved the agreement. Thoma's remaining arguments regarding severability are unavailing.

Because the undisputed evidence demonstrates that the promise was contingent upon further approval that the City Council and Human Rights Commission never granted, Thoma's promissory estoppel claim likewise fails. *See Lectus, Inc. v. Rainier Nat'l Bank*, 647 P.2d 1001, 1003–04 (Wash. 1982) (reliance

2

on future conditional promise unreasonable); *Corbit v. J.I. Case Co.*, 424 P.2d 290, 300–01 (Wash. 1967) (rejecting promissory estoppel theory based on conditional promise with unfulfilled condition).

2. Nor was there error in granting summary judgment on Thoma's claims under the Americans with Disabilities Act ("ADA"); Washington Law Against Discrimination ("WLAD"); or Washington's anti-retaliation law, Wash. Rev. Code § 49.60.210. The record evidence demonstrates that Thoma's termination resulted from a condition imposed as part of a deferred prosecution that interfered with his ability to perform the functions of his job. Thoma failed to raise a genuine dispute of material fact as to whether he was terminated "because of" a disability, *see Collings v. Longview Fibre Co.*, 63 F.3d 828, 833 (9th Cir. 1995); *Anica v. Wal-Mart Stores, Inc.*, 84 P.3d 1231, 1237–38 (Wash. Ct. App. 2004); or his opposition to an employment practice forbidden by the WLAD, *see* Wash. Rev. Code § 49.60.210(1).

3. Summary judgment was also appropriate on Thoma's due process claim. Thoma concedes that he received the requisite pre-termination notice and opportunity to be heard. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542–44 (1985). He solely contests Kirkpatrick's impartiality at his pre-termination hearing. Yet, "the failure to provide an impartial decisionmaker at the pretermination stage, of itself, does not create liability, so long as the decisionmaker

at the post-termination hearing is impartial." *Walker v. City of Berkeley*, 951 F.2d 182, 184 (9th Cir. 1991). Thoma has not alleged that the City failed to offer a post-termination hearing before an impartial decisionmaker.

4. Furthermore, summary judgment was warranted on Thoma's wage withholding claim under Revised Code of Washington section 49.52.070 predicated on back wages allegedly owed as damages for his ADA, WLAD, and due process claims. Back wages encompassed in a retrospective discrimination damages award "are not wages the employer was obligated to pay" for purposes of a wage withholding claim. *Clipse v. Commercial Driver Servs., Inc.*, 358 P.3d 464, 469 (Wash. Ct. App. 2015); *accord Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1203–04 (9th Cir. 2002). In any event, Thoma failed to withstand summary judgment on his ADA, WLAD, and due process claims.

5. Because Thoma failed to withstand summary judgment on all substantive claims, summary judgment on Thoma's vicarious liability claim was proper as well.

6. Finally, the grant of a protective order denying leave to depose Kirkpatrick for a second time was not an abuse of discretion. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii) (requiring leave of court to depose individual who has already been deposed in the case). The district court's finding that Thoma brought about the situation with his own discovery strategy was not clearly erroneous, as Thoma

4

argued that a second deposition was necessary based on documents timely produced in response to written discovery requests that he served only days before Kirkpatrick's scheduled deposition. Thoma's remaining arguments regarding his motion to compel discovery relating to the City and Kirkpatrick's affirmative defenses are moot because he failed to make out a prima facie case for any of his claims.

Thoma's motion to strike (Docket Entry No. 35) is denied.

**AFFIRMED.**